UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA TEUMA,<br><br>    Plaintiff,<br><br>v.<br><br>MARVIN LUMBER AND CEDAR COMPANY, et al.,<br><br>    Defendants. | Case No. 18-cv-06561-PJH<br><br>**ORDER REMANDING ACTION**<br><br>Re: Dkt. No. 13 |

Plaintiff Theresa Teuma's motion to remand came on for hearing before this court on January 2, 2019. Plaintiff appeared through her counsel, Timothy McInerney. Defendant Marvin Lumber and Cedar Company ("Marvin") appeared through its counsel, James Ficenec. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion and REMANDS the action, for the following reasons.

## BACKGROUND

Teuma is a citizen of California. Marvin is a Minnesota corporation with its principal place of business in Minnesota. Defendant Building Material Distributions, Inc. ("BMD") is a California corporation with its principal place of business in Sacramento, California. On May 4, 2018, Teuma filed a complaint against Marvin, BMD, and Does 1 through 10 in Sonoma County Superior Court. Compl., Dkt. 1, Ex. 1. The complaint alleges a breach of contract cause of action based on Marvin and BMD allegedly not complying with the terms of a settlement agreement that the parties had previously entered into. Compl. ¶¶ 13–15. Specifically, plaintiff alleges that defendants agreed to

provide new windows and doors for her home construction project under the terms of a settlement agreement, but they never did so. Id. ¶¶ 7–8, 13.

The origins of this dispute trace to an action filed in Sonoma County Superior Court on June 29, 2007. Teuma filed an action against certain contractors involved in the construction of her residence. Marvin and BMD were defendants in that action. Marvin was the manufacturer of the windows and doors in Teuma's home, and BMD sold and supplied Marvin's products to Teuma. In July 2012, a trial commenced against Marvin and BMD, among others.

On July 20, 2012, during a break on the second day of trial, Teuma, her legal counsel Tim McInerney, and Marvin and BMD's legal counsel, Michael Obermueller and James Ficenec, met in a conference room at the courthouse to settle the case. Obermueller Decl., Dkt. 14-1 ¶ 5. An agreement was reached, although the parties dispute the terms of the oral settlement agreement.

On July 23, 2012, Marvin filed a motion for determination of good faith settlement. The motion was supported by a declaration from Marvin and BMD's counsel, James Ficenec (the "Ficenec Decl."). Dkt. 1, Ex. 3. The Ficenec Declaration purports to describe the terms of the settlement, although the parties dispute whether it contains all material terms. The declaration provides, in relevant part:

> 7. Since the commencement of jury selection, counsel for Marvin/BMD and plaintiffs' counsel pursued renewed settlement discussions, speaking almost daily until an agreement was reached during the morning break at trial on Friday July 20, 2012. The terms agreed to are:
>
> a. Marvin shall provide plaintiffs with new Marvin product to replace the existing Marvin product, with certain upgrades (simulated divided light bars installed within the insulated glass units and screens for the operable windows) and Marvin shall pay to plaintiffs $25,000. The retail list price of the replacement product is $243,237.00. The replacement product will come with the standard written limited warranty that is included in the retail list price of the product.
>
> b. In exchange for the consideration identified above, plaintiffs will provide a Section 1542 release of any and

2

> all past, present and future claims (except for claim under the written limited warranty provided with the new products. [sic]
>
> The settlement is contingent upon an order from the Court finding that the settlement to be [sic] in good faith pursuant to California Code Civ. Proc. § 877.6. Neither Marvin nor BMD are assigning any indemnity rights to plaintiffs.

Ficenec Decl. at 2–3.

On July 25, 2012, the trial court entered an order determining "the settlement between plaintiffs, on the one hand, and Marvin Lumber and Cedar Company and BMD, Inc., on the other" was in good faith. McInerney Decl., Dkt. 13-1 ("McInerney Decl."), Ex. 1 at 2. Afterwards, Teuma did not pursue Marvin or BMD at the trial, and the cross-complaints by the remaining defendants against Marvin and BMD were dismissed. The parties continued to discuss the terms of the settlement agreement.

On July 1, 2016, Teuma moved to enforce the settlement under Cal. Civ. Proc. § 644.6 (which allows courts to retain jurisdiction to enforce settlement agreements) based on the terms set forth in the Ficenec Declaration. Defendants argued that the Ficenec Declaration did not set forth all of the terms of the settlement agreement. McInerney Decl., Ex. 2 ¶¶ 3–8. They argued that the earlier declaration identified "the material financial terms" but did not attempt to list every term of the parties' oral agreement. Id. ¶ 4.

On August 22, 2016, the court granted Teuma's motion to enforce the settlement. Second McInerney Decl., Dkt. 15-1, Ex. 7. On October 21, 2016, Teuma appealed the order, arguing that the order did not reflect the settlement agreement of the parties. See id., Ex. 8. Marvin and BMD appealed on November 15, 2016, arguing that the trial court did not have jurisdiction to enforce the settlement agreement under Cal. Civ. Proc. Code § 644.6.

On May 4, 2018, Teuma filed this action in Sonoma County Superior Court.

On May 24, 2018, the California Court of Appeal found that the trial court did not have jurisdiction to enforce the settlement agreement "because none of the settling parties had agreed to the settlement either orally in court or in a signed writing, as the

statute requires." Teuma v. Marvin Lumber & Cedar Co., No. A149733, 2018 WL 2356286, at *1 (Cal. Ct. App. May 24, 2018).

After being served with Teuma's complaint, Marvin's counsel asked Teuma's counsel to explain Teuma's claim against BMD. Obermueller Decl., Dkt. 14-1, Ex. C. Marvin's counsel responded that his position depended upon the exact terms of the settlement agreement, which were in dispute. Id.

On October 26, 2018, after that conversation, Marvin filed a notice of removal, arguing that Teuma has no possible claim against BMD and that BMD was fraudulently joined for the purposes of this court's diversity jurisdiction. Dkt. 1. On November 27, 2018, plaintiff filed a motion to remand. Dkt. 13.

## DISCUSSION

### A. Legal Standard

Removal jurisdiction is based entirely on federal statutory authority. See 28 U.S.C. §§ 1441–55. A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332.

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Id. Such fraudulently-joined defendants who destroy diversity do not defeat removal. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

The Ninth Circuit has recently clarified the requirements for a defendant to establish fraudulent joinder:

4

> There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting Smallwood v. Illinois Cent. RR. Co., 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter, 582 F.3d at 1046 (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)) (emphasis added). A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." Id. (citations omitted).

Grancare, 889 F.3d at 548.

"[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. at 549 (quoting Hunter, 582 F.3d at 1046) (alteration in original). As such, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." Id. ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."). Any "deficiencies in the complaint" that "go to the sufficiency of the complaint, rather than to the possible viability of the [plaintiffs'] claims"—for example that plaintiffs "did not plead their claims with sufficient particularity" or "sufficiently allege" a claim—"do not establish fraudulent joinder." Id. at 551–52.

"The relative stringency of the [fraudulent joinder] standard accords with the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" Id. at 550 (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)); accord Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.

1 2009) ("The removal statute is strictly construed, and any doubt about the right of
2 removal requires resolution in favor of remand."). "The presumption against removal
3 means that 'the defendant always has the burden of establishing that removal is proper.'"
4 Moore–Thomas, 553 F.3d at 1244 (quoting Gaus, 980 F.2d at 566); see also Sanchez v.
5 Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996) (strong presumption in
6 favor of remand).

Reflecting the heavy burden of showing fraudulent joinder, the Ninth Circuit has "upheld rulings of fraudulent joinder where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant," where a "defendant's conduct was privileged under state law," and where a "plaintiff's claims against [an] alleged sham defendant were all predicated on a contract to which the defendant was not a party[.]" Grancare, 889 F.3d at 548.

"[T]he party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined" outside of the complaint. Id. at 549. However, "in many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." Id. (citation omitted).

If a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court must remand the case to state court. See 28 U.S.C. § 1447(c).

**B. Analysis**

Marvin argues that the statute of limitations has run on the oral settlement agreement between the parties and that plaintiff cannot state a claim under the written settlement agreement against BMD because it does not contain any obligation that BMD must fulfill.

As an initial matter, the court notes that the parties dispute whether there is an enforceable oral settlement agreement or an enforceable written settlement agreement. Under the fraudulent joinder analysis, this court finds that there is a possibility that a state court would found that the complaint states a cause of action based on an oral settlement

6

agreement formed on July 20, 2012 between Teuma, Marvin, and BMD. The court need not reach Marvin's arguments about the written settlement agreement.

### 1. Whether the Statute of Limitations Has Expired

For a breach of contract action based on an oral contract, California Civil Procedure Code § 339 provides that a two-year statute of limitations applies. "A cause of action for breach of contract accrues at the time of breach, which then starts the limitations period running." Cochran v. Cochran, 56 Cal. App. 4th 1115, 1120 (1997). "Unless a contract contains an unconditional promise to perform at a fixed time, a demand is usually necessary in order to give the promissor an opportunity to perform" before the promisor is in breach. Drake v. Martin, 30 Cal. App. 4th 984, 998–99 (1994) (internal quotation marks omitted). California law requires that a party should make the demand within a "reasonable time," and the statute will commence to run after that time has elapsed. 3 Witkin, Cal. Proc. 5th Actions § 532 (2008). "[I]n the absence of peculiar circumstances, a period equal to that of the statute of limitations is reasonable." 3 Witkin, Cal. Proc. 5th Actions § 533.

So, when a contract fails to specify the time for performance of the promised act with particularity and there is no demand for performance, the two-year statute of limitations for an oral contract begins running two years after its formation. "Under this theory the plaintiff has at most a double statutory period (4 plus 4 years on written contracts, 2 plus 2 years on unwritten obligations)." Id.

The parties reached an oral settlement agreement on July 20, 2012. Without a demand, the cause of action would accrue (and the statute of limitations would begin running) two years later, on July 20, 2014. The statute of limitations would expire two years after that, on July 20, 2016—before this action was filed on May 4, 2018.[1] Absent tolling or estoppel, plaintiff's action based on an oral contract would be plainly barred by the statute of limitations.

---

[1] Defendant reaches the same conclusions. See Opp., Dkt. 14 at 7–9.

7

But plaintiff argues that the statute of limitations has been equitably tolled. The equitable tolling doctrine tolls statutes of limitations "when defendants would not be prejudiced and plaintiffs, who had several legal remedies, pursued one such remedy reasonably and in good faith." Tarkington v. California Unemployment Ins. Appeals Bd., 172 Cal. 4th 1494, 1503 (2009). It is a judge-made doctrine which operates independently of the Code of Civil Procedure "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Id.; McDonald v. Antelope Valley Comm. College Dist., 45 Cal. 4th 88, 100 (2008) (equitable tolling "eases the pressure on parties concurrently to seek redress in two separate forums with the attendant danger of conflicting decisions on the same issue . . . . [Also], tolling benefits the court system by reducing the costs associated with a duplicative filing requirement, in many instances rendering later court proceedings either easier and cheaper to resolve or wholly unnecessary.") (internal quotation marks omitted).

Courts consider three factors in determining whether the statute of limitations is equitably tolled: (1) timely notice, (2) lack of prejudice to defendant, and (3) reasonable and good faith conduct on plaintiff's part. Addison v. State of Calif., 21 Cal. 3d 313, 319 (1978).

First, with respect to timely notice, the court considers whether the first claim was filed within the limitations period against the same defendant who is being sued on the second claim. Tarkington, 172 Cal. 4th at 1503–04. Plaintiff filed a motion in state court to enforce the settlement agreement on July 1, 2016 (the first claim). McInerney Decl. ¶ 7. That motion was granted on August 22, 2016. As explained above and as Marvin concedes, it is possible that a state court would find that the first claim was filed before the limitations period expired on July 20, 2016.

Second, the court considers whether defendant was prejudiced in its ability to gather evidence to defend against the second claim (or, stated otherwise, whether the facts of the two claims are so similar that defendant's investigation of the first claim would put it in a position to fairly defend the second). Tarkington, 172 Cal. App. 4th at 1504.

1 Plaintiff's allegations here are that the defendants breached the same agreement that
2 was at issue in the first claim. Given the near unity of the two claims, this factor is
3 satisfied. See id. ("So long as the two claims are based on essentially the same set of
4 facts timely investigation of the first claim should put the defendant in position to
5 appropriately defend the second.").

6 Third, the court considers whether plaintiff acted reasonably and in good faith in
7 filing the second claim. "The third requirement of good faith and reasonable conduct may
8 turn on whether a plaintiff delayed filing the second claim until the statute on that claim
9 had nearly run, or whether the plaintiff took affirmative action which misled the defendant
10 into believing the plaintiff was foregoing his second claim." Id. at 1505. Plaintiff's original
11 claim was decided mostly in her favor and was then appealed. Plaintiff filed this action
12 while the appeal was pending. The Court of Appeal then reversed the trial court's ruling
13 in the first action. The timeline indicates that Teuma filed this action in good faith.

14 Under the fraudulent joinder standard this court need only determine that it is
15 *possible* that the state court would find the above analysis to be accurate, such that
16 plaintiff could state her breach of contract claim against BMD based on their oral contract.
17 Given the above, it is possible that a California court would find that plaintiff's breach of
18 contract claim was equitably tolled from July 1, 2016 to May 24, 2018. Plaintiff filed her
19 complaint in this action on May 4, 2018, within the tolled statute of limitations.

20 As such, it is possible that a California court would find that plaintiff states a cause
21 of action based on Teuma's oral settlement agreement with both Marvin and BMD that is
22 not barred by the statute of limitations. The parties dispute the terms of that oral
23 agreement. BMD is therefore not fraudulently joined. Because plaintiff and BMD are
24 both citizens of California, this court lacks diversity jurisdiction over the action.

25 **2.    Whether Teuma Should Be Awarded Costs and Fees**

26 "An order remanding the case may require payment of just costs and any actual
27 expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.
28 § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under

§ 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). When a court exercises its discretion and awards fees, "its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." Id. The purposes of awarding fees under § 1447(c) are "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party[.]" Id. at 140.

Defendant's counsel has provided a declaration to this court explaining his communications with plaintiff's counsel during which he sought the basis of plaintiff's claim against BMD. Although plaintiff's counsel was under no obligation to explain his litigation strategy, his response supports a finding that there was an objectively-reasonable basis for Marvin's fraudulent joinder motion. As such, the type of "unusual circumstances" in which fees may be awarded are not present.

## CONCLUSION

For the foregoing reasons, the court finds that BMD was not fraudulently joined, and the action therefore lacks complete diversity. Accordingly, the court GRANTS plaintiff's motion and REMANDS the action to the Sonoma County Superior Court. Plaintiff's motion for fees is DENIED.

**IT IS SO ORDERED.**

Dated: January 7, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge